JS-6

# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| RANDALL MAY INTERNATIONAL, INC., <br> Plaintiff, <br> v. <br> DEG MUSIC PRODUCTS, INC., *et al*, <br> Defendants. | CV 05-00894 TJH (CFEx) <br><br> FINAL JUDGMENT EXCEPT FOR AN ACCOUNTING |
| AND RELATED COUNTERCLAIMS. | |

    The Court, having granted the motion of Defendant DEG Music Products, Inc. dba Dynasty USA ("DEG") for entry of final judgment except for an accounting, hereby issues a final judgment except for an accounting based on the following facts:

    A.    The Court has subject matter jurisdiction over this patent infringement case under 28 U.S.C. § 1338(a);

    B.    The Court has personal jurisdiction over the parties – in that Plaintiff Randall May International, Inc. ("RMI") is a California corporation, and, DEG, a Wisconsin corporation, has done business in California out of which a

substantial portion of Plaintiff's claims arose – and venue is proper in this District;

C. Since April 19, 2005, DEG has infringed RMI's United States Patent No. 6,881,886 (the '886 Patent) by the manufacture, sale and donation of DEG's P20 DAST, DAB1 and DAQV model drum carriers ("P20 drum carriers") in the United States; and

D. If DEG is not enjoined from further infringement, RMI will suffer irreparable harm, for which it has no adequate legal remedy, and the balance of the hardships from granting or denying an injunction tips in favor of RMI;

It is hereby Ordered, Adjudged and Decreed that:

1. DEG, its owners, officers, directors, employees, agents and all others acting in concert with it, are hereby permanently enjoined from:

    a. Making, using, manufacturing, importing, exporting, selling, loaning, giving away, advertising, or offering to sell P20 drum carriers or other drum carriers conforming to the design of the P20 drum carriers in the United States and its territories, or any drum carriers that infringe the '886 Patent, for the remaining life of that patent; and

    b. Providing replacement infringing P20 drum carriers or parts for infringing P20 drum carriers to any of DEG's endorsees or drum corps, whether those endorsees or drum corps for such P20 drum carriers, or portions thereof, or whether the endorsees or drum corps have a relationship with DEG such that they receive the P20 drum carriers for free or at a discount.

2. Further, DEG, its owners, officers, directors, employees, agents, and all others acting in concert with it, are hereby ordered to:

    a. Within 60 days, collect all P20 drum carriers from its inventory and either deliver the P20 drum carriers to RMI or destroy them and provide to RMI

proof of destruction;

    b. Within 60 days, recall from its dealers and distributors all P20 drum carriers and parts in the possession of those dealers and distributors, and either deliver the recalled P20 drum carriers to RMI or destroy them and provide to RMI proof of destruction; and

    c. Upon receipt of future returns of P20 drum carriers, immediately deliver them to RMI or destroy them and provide to RMI proof destruction.

3. DEG has breached the 2003 Settlement Agreement by (a) asserting antitrust claims in this action that were released by the 2003 Settlement Agreement and (b) infringing the '886 Patent. As a result, RMI is entitled to an award of its reasonable attorneys' fees under the 2003 Settlement Agreement plus costs.

4. Judgment be, and hereby is, entered in favor of Counter-Defendants RMI and Randall May on all of DEG's counterclaims. It is further ordered that DEG shall take nothing on any of its counterclaims.

5. As DEG abandoned any invalidity contentions it may have asserted against the '886 Patent, RMI's '886 Patent is adjudicated to be valid.

6. This is a final judgment except for an accounting pursuant to 28 U.S.C. § 1292(c)(2) because only the following issues remain to be tried to a jury: (a) damages for DEG's breach of contract; (b) damages for DEG's patent infringement; and (c) whether DEG's patent infringement was willful.

7. The permanent injunction, the product recall and the trial on the remaining issues shall be stayed pending DEG's appeal to the United States Court of Appeals for the Federal Circuit upon DEG's posting of a bond in the amount of $500,000.00.

Date: April 6, 2008

                              Terry J. Hatter, Jr.
                              Senior United States District Judge