# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| RANDALL MAY INTERNATIONAL, INC., | SA CV 05-00894 TJH (CFEx) |
| Plaintiff, | |
| v. | Order |
| DEG MUSIC PRODUCTS, INC., *et al.*, | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS. | |

Both Plaintiff Randall May International, Inc. ("RMI") and Defendant DEG Music Products, Inc. ("DEG") seek fees pursuant to their contract, rather than federal patent law. Under Cal. Civ. Code § 1717(a), where the contract contains a fee-shifting clause, the prevailing party is entitled to reasonable attorney's fees. Here, the 2003 settlement agreement entitles any party who prevails, in part, in any action to enforce the settlement agreement to recovery fees. Accordingly, because RMI and DEG were both prevailing parties under the 2003 settlement agreement, both parties are entitled to recover fees. The Court has broad discretion to determine the amount of reasonable attorney's fees awarded pursuant to § 1717 because such an award is governed by

equitable principles. *See EnPalm, LLC v. Teitler Family Trust*, 162 Cal. App. 4th 770, 774, 75 Cal. Rptr. 3d 902, 905 (2008).

To determine a reasonable fee award, the most useful starting point is the number of hours reasonably expended in the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40, 50 (1983). The reasonable hourly rate is not determined by reference to the rates actually charged, but by reference to the rate prevailing in the community for similar work. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). The reasonable hourly rate for the attorneys at One, LLP, representing RMI, and Blakely, Sokoloff, Taylor & Zafman ("Blakely"), representing DEG, is $400.00 for partners; $250.00 for associates; and $75.00 for legal assistants and paralegals. These rates were determined in reference to the prevailing market rates for similar work according to the 2009 AILPA Report and the range of rates actually charged. The $190.00 hourly rate requested by Missouri attorney Douglas Warren, representing DEG, is reasonable. Finally, the $295.00 hourly rate requested by attorney Brian Mulherin , representing RMI, is, also, reasonable.

In determining the reasonable number of hours, the Court must exclude hours that are excessive, redundant, or otherwise unnecessary. *Chalmers*, 796 F.2d at 1210. If a party has achieved only partial success, as is the case here, the number of hours reasonably expended on the litigation as a whole may result in an excessive amount. *Hensley*, 461 U.S. at 436. Further, the Court should consider whether the firms were overstaffed, and the various levels of skill and experience of the lawyers. *Hensley*, 461 U.S. at 434.

The hours sought by RMI are reasonable. RMI's legal team was not overstaffed, and counsel did not duplicate their efforts. Similarly, the hours sought by DEG are reasonable, with the exception of hours sought for discovery, the *Markman* hearing, and DEG's appeal. The hours sought for discovery and the *Markman* hearing are excessive. A significant amount of the work appears to be duplicative as a result of having

numerous attorneys working on the matters, as well as excessive. Accordingly, for discovery, the Court reduced the number of hours sought by attorney Warren from 309.55 to 150.00, and the hours sought by the Blakely partners from 145.25 to 75.00. As to the *Markman* hearing, the Court reduces the number of hours sought by attorney Warren from 111.60 to 75.00, and the hours sought by the Blakely partners from 31.25 to 20.00.

DEG seeks 331.5 attorney hours and 195.55 paralegal hours for work done on the appeal of this case. While the Federal Circuit is in a better position than this Court to determine the reasonableness of DEG's fee request for work done before the Federal Circuit, it appears that the requested fees on appeal are unreasonable for the simple reason that the arguments briefed and argued to the Federal Circuit had previously been briefed in this Court. In comparing the work done before this Court and what was prepared for the Federal Circuit, the work performed for the appeal could have been reasonably completed within 120 hours by the partners and 60 hours by the paralegals at Blakely.

Therefore, RMI is entitled to $306,317.75 in attorney's fees and DEG is entitled to $350,023.25 in attorney's fees.

It is so Ordered.

Date:  April 2, 2013

_____
Terry J. Hatter, Jr.
Senior United States District Judge

CC: FISCAL